UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **CATHY SIMMS,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | * |
| | * |
| **CIT GROUP/CONSUMER FINANCE,** | * |
| **SUN MORTGAGE COMPANY, LLC,** | *    NO. |
| **ACCURATE TITLE AND ESCROW,** | *    JURY DEMAND |
| **JAMES RANDOLPH,** | * |
| **and SAMUEL C. KING,** | * |
| | * |
| | * |
| **Defendants.** | * |

## COMPLAINT

COMES NOW the plaintiff, Cathy Simms, by and through undersigned counsel, and in support of her claim for relief against the Defendants files this Complaint and states the following:

### I. PRELIMINARY STATEMENT

This is an action for damages and equitable relief, arising under the Fair Housing Act, the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Equal Credit Opportunity Act, the Tennessee Home Loan Protection Act of 2007, the Tennessee Consumer Protection Act, fraud, conversion, negligent misrepresentation, breach of fiduciary duty, breach of contract, and conspiracy to commit some or all of the aforementioned torts.  All aforementioned acts constitute predatory lending practices and a predatory lending scheme by Defendants.

## II. JURISDICTION

1. This action is brought pursuant to the provisions of the Truth in Lending Act, 15 U.S.C. §1601, et seq. and the Real Estate Settlement Procedures Act, 12 U.S.C. §1601 et seq., Fair Housing Act, 42 U.S.C. §§ 3601 et seq., the Home Owner Equity Protection Act, 15 U.S.C. § 1639 et seq. and the Equal Credit Opportunity Act, 15 U.S.C. § 1331 et seq.  Jurisdiction is conferred on this Court by 28 US.C. §1331, 42 U.S.C. §3613, T.C.A., with resulting supplementary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## III. VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that Plaintiffs and all Defendants reside or do business in this district and/or a substantial part, if not all, of the events or omissions giving rise to the claim occurred in this district; venue is proper in this district pursuant to 18 U.S.C.§ 1965 (a) in that all parties either reside, are found, have an agent, and/or transact affairs in this district.

## IV. THE PARTIES

3. The Plaintiff, Cathy Simms, is a natural person, residing in Shelby County, Tennessee, at 5160 Schutt Road, Memphis, TN 38116.

4. Defendant, CIT Group/Consumer Finance, Inc. (hereinafter "CIT"), is a for-profit foreign corporation, duly registered to transact business here in the State of Tennessee, with its principal place of business at 1 CIT Drive, Livingston, NJ 07039. Its registered agent for service of process is C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

5. Defendant, Sun Mortgage Company, LLC (hereinafter "Sun Mortgage") is a for-profit Tennessee corporation duly registered to transact business here in the State of Tennessee, with it principal place of business located at 5545 Murray Road, Suite 206, Memphis, TN 38119.  Its registered agent for service of process is Perkeith Clayborn, 5545 Murray Road, Suite 206, Memphis, TN 38119.

6. Defendant, Samuel C. King is a licensed appraiser doing business here in the State of Tennessee, with a principle place of business located at 1846 Steeplebrook Cove, Cordova,TN 38016.

7. Defendant, Accurate Title & Escrow (hereinafter "Accurate") is a for profit Tennessee corporation, duly registered as an inactive corporation in the State of Tennessee, with its principal place of business located at 1181 Nashville Pike, Gallatin, TN 37066.  Its registered agent for service of process is Roland M. Lowell, 1181 Nashville Pike, Gallatin, TN 37066.

8. Defendant, James Randolph, is an adult resident of the State of Tennessee.  His residential address is unknown.  Upon information and belief, James Randolph is an employee of Sun Mortgage Company, LLC, which is located at 5545 Murray Road, Suite 206, Memphis, TN 38119.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff, Cathy Simms, is a 47 year old African American woman.

10. The Plaintiff suffers from a psychiatric disability.  She and her son live on $1,350 in Social Security disability benefits per month.  At the time of this transaction, Plaintiff was on the Section 8 housing assistance program which provided her a significant rental housing subsidy, and without which she

3

would not have been able to make even rent payments.

11. The Plaintiff has a twelfth grade education but has minimal reading ability.

12. Prior to her encounter with these Defendants, the Plaintiff had never owned a home.

13. The Plaintiff suffers from a significant thought disorder and takes psychotropic medication.  Her disability should be evident to anyone who has more than superficial dealings with her.

14. Plaintiff was living in an apartment with the assistance of a Section 8 voucher, when her cousin referred her to Defendant Randolph of Sun Mortgage to inquire about renting a home.

15. Plaintiff contacted Defendant Randolph about renting a home.  Plaintiff wanted to rent a home through the Section 8 program.

16. Defendant Randolph showed Plaintiff three houses.  Plaintiff stated to Defendant. Randolph that she liked the house located at  5160 Schutt Road.

17. Plaintiff was initially interested in renting the house located at 5160 Schutt Road using her Section 8 voucher.

18. Prior to signing the loan, Plaintiff questioned whether she should purchase a house or remain in subsidized housing.  Plaintiff did not believe she could afford to pay the costs of the mortgage.  Plaintiff contacted Tamara Faulkner of Sun Mortgage to express her concerns.  Ms. Faulkner assured Plaintiff that she would be able to refinance the loan in two years and that the interest rate would go down.

19. Defendant Randolph of Sun Mortgage called to convince Plaintiff that buying

4

       this house would be in her best interest.  Defendant Randolph told Plaintiff that owning a home was the "American dream" and that he had already "taken care of everything."

20. Defendant Randolph personally drove Plaintiff from her workplace to the closing, and assured Plaintiff that he would be present the entire time to explain the closing process to her.

21. Defendant Randolph did not remain with Plaintiff at the closing.  He left Plaintiff alone with the settlement agent from Accurate Title who, upon information and belief, instructed Plaintiff not to read any of the documents she was signing.

22. The settlement agent from Accurate Title hurried Plaintiff through the closing process.  The agent did not allow Plaintiff to read the loan documents, nor did he explain the loan documents or loan terms to Plaintiff.

23. Plaintiff, who is unsophisticated in financial matters, signed the loan documents on or around February 23, 2007, consummating the home purchase loan with CIT.

24. The loan was brokered by Sun Mortgage, LLC and closed by Accurate Title & Escrow, Inc.

25. The principal sum of the loan was to cover the purchase of the home located at 5160 Schutt Road, Memphis, TN 38116.

26. The February 23, 2007 loan consummation between CIT Group and Plaintiff, consummated an adjustable rate mortgage loan of $95,000 to finance the purchase of a home at an initial interest rate of 10.6%.  The interest rate on

>   this loan is set to readjust on March 1, 2009 and every six months thereafter.
>
> 27. Plaintiff's payments are based upon a thirty year interest-only loan with an outrageous balloon payment of $90,239.87.
>
> 28. Upon information and belief, Defendant Sun Mortgage, through their agents, initially enrolled Plaintiff in an Equity Savings Program with Avalon Financial Corporation. Plaintiff subsequently cancelled her enrollment in the program after it became evident that it was against her pecuniary interest.
>
> 29. Sun Mortgage based the loan on their fraudulent statement in her loan application that Plaintiff's monthly income was $2,950.
>
> 30. CIT Group knew or should have verified Plaintiff's monthly income was only $1,350. Plaintiff was unaware of the fraudulent information on her application.
>
> 31. Under the terms of the loan, Plaintiff was to make twenty four monthly payments in the amount of $843.48, six monthly payments of $1,077.00, three hundred twenty nine monthly payments of $1,108.37 and a balloon payment of $90,239.87. Even after the initial "teaser" interest rate, the monthly mortgage payment was more than 60% of her income.
>
> 32. Defendants directly or indirectly financed points and fees totaling more than 6% of the total loan amount.
>
> 33. The total fees charged on the loan were $6443.54, including a $454.61 Yield Spread Premium (kickback) paid to the mortgage broker, Sun Mortgage Company, by CIT.
>
> 34. The loan contains a prepayment penalty. A 5% penalty is charged if the

      prepayment occurs in the first year following the closing, and 4% if the prepayment occurs in the second year following the closing.

35. The monthly mortgage payment is $843.48, with a balloon payment of $90,239.87

36. The actual settlement charges are 17% higher than the settlement charges CIT stated on the good faith estimate of closing costs required by federal law.

37. The deed of trust securing this high-cost loan does not state on its face that the deed of trust secures a high cost loan as required by state law.

38. Even though the loan was consummated, Plaintiff did not receive the necessary disclosures before or during the closing of the loan.

39. Defendants did not disclose to Plaintiff the interest rate on her mortgage was adjustable and that her monthly payments would increase over the life of the loan.

40. Defendants did not disclose to Plaintiff that her payment schedule included a final $90,239.87 balloon payment on a $95,000 loan.

41. Defendants did not disclose to Plaintiff that her loan included a sizeable prepayment penalty, the terms of which violate state law.

42. Defendants did not provide Plaintiff with a valid Truth-in-Lending statement.

43. The Truth-in-Lending statement provided by Defendants at closing does not indicate that a huge, unconscionable, balloon payment will be due in thirty years.

44. Defendants did not provide Plaintiff with written notice informing her of her rights and obligations should she agree to the loan and to advise her to seek

independent financial advice.

45. Shortly after the consummation of this loan, Plaintiff fell behind in her mortgage payments because she was unable to afford the payments which were more than 60% of her monthly income.

46. To stave off foreclosure, Plaintiff filed for Chapter 13 Bankruptcy protection.

47. Plaintiff's Chapter 13 Bankruptcy case was ultimately dismissed.

48. Subsequent to the dismissal of her Chapter 13 Bankruptcy case, Plaintiff sought the services help to save her home from foreclosure. Specifically, Plaintiff obtained the services of Memphis Area Legal Services who tried to work out an agreement with CIT for Plaintiff to remain in her home, but such efforts were to no avail.

49. On September 3, 2008, Defendant CIT by Successor Trustee, Trustee Management Company, informed the Plaintiff of proceedings to foreclose on Plaintiff's home. A foreclosure sale is currently scheduled for Friday, October 3, 2008 at 12:00 noon.

50. If the foreclosure goes forward, the Plaintiff will be left homeless. This situation is exacerbated by the fact that Ms. Simms relinquished her Section 8 rent subsidy voucher in reliance on the representations of the Defendants.

## V. FIRST CAUSE OF ACTION

51. Plaintiff Cathy Simms does hereby incorporate all averments contained in the previous paragraphs contained in this complaint.

52. Defendants have violated the provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., and Regulation X

which implements RESPA, 24 C.F.R. § 3500, et seq.  Specifically, among others, the Defendants have violated these provisions by failing to provide the Plaintiff with a proper "Good Faith Estimate" of the amount or range of settlement charges prior to closing (12 U.S.C. § 2604© and 24 C.F.R. § 3500.7), and by charging excessive or unearned fees (12 U.S.C. § 1607(b)), and by producing fraudulent settlement statements.

## SECOND CAUSE OF ACTION

53. Plaintiff, Cathy Simms does hereby incorporate all averments contained in the preceding paragraphs.

54. This Plaintiff is a mentally disabled citizen of the United States who resides in Memphis, Shelby County, Tennessee.  The Plaintiff alleges that all Defendants were involved in a scheme to exploit Plaintiff, with fraudulent loan practices, due to her mental disability.  All Defendants have violated 42 U.S.C. § 3601 et.seq.

55. Specifically, Defendants knew or had a reasonable belief that Plaintiff was mentally disabled.  Defendant's acting upon that knowledge or belief subjected Plaintiff to discriminatory terms and conditions on a loan she neither wanted nor needed, thereby reducing her ability to use and enjoy housing.  Defendants' acts constituted a violation of the Fair Housing Act.

56. With respect to Plaintiff's dwelling, the Defendants discriminated against the Plaintiff in the terms and conditions of the mortgage loan and in the provision of services in connection therewith because the Plaintiff is mentally disabled.

## VII. THIRD CAUSE OF ACTION

57. Plaintiff, Cathy Simms, does hereby incorporate all averments contained in the preceding paragraphs of this complaint.

58. Plaintiff alleges that all Defendants, except upon information and belief Samuel C. King and James Randolph, have violated the provisions of the Consumer Credit Protection Act or Truth-In-Lending Act, 15 U.S.C. 1601, et seq., and Regulation Z which implements the Truth-In-Lending Act, 12 C.F.R. 226, et seq.  Specifically, among others, the Defendants violated these provisions by failing to provide information to the borrower, in failing to provide and properly disclose a correct itemization of the amount financed and the total monthly payments due and in fraudulently concealing their violations from the Plaintiff.

## VIII. FOURTH CAUSE OF ACTION

59. Plaintiff, Cathy Simms, does hereby incorporate all averments contained in the preceding paragraphs of this Complaint.

60. Plaintiff alleges that Defendants have violated and attempted to violate the Tennessee Home Loan Protection Act T.C.A. §45-20-103 et. seq.  The loan from CIT Group was a High-Cost loan as defined by the Act. The Act defines a High-Cost loan as one in which the points and fees exceed five percent (5%) of the total loan amount for loans of more than thirty thousand dollars ($30,000.00). The loan contained points and fees that totaled more than five percent (5%) of the total loan amount.

61. The original loan is not amortized through the life of the loan and contains a balloon payment prohibited by the Act. The Defendants did not provide

appropriate disclosures as required by the act. Furthermore, the Defendants have made loans and conspired to make loans with no regard as to the Plaintiff's ability to repay and have financed fees and charges totaling well over three percent (3%) of the loan amount through the proceeds of the loan. The Defendants have also initiated foreclosure without providing notice as required by the Act.

### IX.  FIFTH CAUSE OF ACTION

62. Plaintiff does hereby incorporate all averments contained in the previous paragraphs of this complaint.

63. Defendants intentionally, negligently, and fraudulently misrepresented to Plaintiff Cathy Simms about the nature and terms of the transactions they were entering into. Plaintiff was especially vulnerable to exploitation because of her mental disability.

64. Defendants' conduct was willful, malicious, oppressive and constitutes an intentional scheme to defraud the Plaintiff with the intention of depriving her of his home and his legal rights.

65. Defendants made false representations of existing and past material facts; that such false representations were made knowingly, without belief in their truth, or recklessly; and that the Plaintiff reasonably relied upon them and thereby suffered damage as a result of such reliance.

### X. SIXTH CAUSE OF ACTION

66. Plaintiff Cathy Simms does hereby incorporate all averments contained in the previous paragraphs contained in this complaint.

67. In committing the acts complained of, all defendants have engaged in fraudulent and/or deceptive business practices / transactions toward Plaintiff and have thereby violated the provisions of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, et seq., resulting in damage to the Plaintiff.

## XI. SEVENTH CAUSE OF ACTION

68. Plaintiff Cathy Simms does hereby incorporate all averments contained in the previous paragraphs contained in this complaint.

69. Defendants in this action have acted unconscionably, including but not limited to exploiting Plaintiff's diminished capacity by duping her to agree to a grossly overpriced home loan and charging an exorbitant interest rate and excessive fees.

70. Plaintiff is a mentally impaired consumer who was unjustly taken advantage of by the Defendants' actions.

WHEREFORE, Plaintiff Cathy Simms prays:

1. That Defendants be found liable for intentional and negligent misrepresentation.

2. That Defendants be ordered to pay Plaintiff Cathy Simms compensatory damages.

3. That Defendants pay to Plaintiff Cathy Simms incidental and consequential damages, plus all costs.

4. The Plaintiff Cathy Simms be awarded damages and costs, in accordance with the Truth in Lending Act for Defendants' knowing and willful violations.

5. That Defendants be ordered to return to Plaintiff any money or property given by Plaintiff to anyone in connection with the consumer credit transaction.

6. That Defendant CIT Group be enjoined thereafter from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiff's property, from advertisement of notices of sale concerning the property, recording any deeds or mortgages regarding the property and from otherwise taking any steps to deprive Plaintiff of ownership of the property.

7. That Plaintiff be awarded actual and enhanced damages pursuant to 15 US.C. §1640 (a)(2)(A)(iii) and §1640 (a)(4), and actual and punitive damages pursuant to 15 US.C §1691 (e).

8. That the right to retain proceeds vests in Plaintiff.

9. That the costs of this action be assessed against the Defendants.

10. That a trial by jury be held in this case.

11. For such other and further relief to which the Plaintiff may be entitled and which the Court deems just and proper.

Dated: October 2, 2008

          Respectfully submitted,

          /s/Sapna V. Raj
          _____
          Webb A. Brewer, BPR # 9030
          Sapna V. Raj, BPR # 19679
          Counsel for Cathy Simms
          Memphis Area Legal Services, Inc.
          Memphis Fair Housing Center
          109 N. Main Street, Suite 201
          Memphis, TN 38103
          901-523-8822