IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CATHY SIMMS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 08-2655-STA |
| | ) | |
| CIT GROUP/CONSUMER FINANCE, | ) | |
| SUN MORTGAGE COMPANY, LLC, | ) | |
| ACCURATE TITLE AND ESCROW, | ) | |
| JAMES RANDLE, | ) | |
| AVALON FINANCIAL CORP., | ) | |
| and MICHAEL BATES, | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

ORDER GRANTING DEFENDANT CIT GROUP/CONSUMER FINANCE'S MOTION
FOR PARTIAL DISMISSAL
_____

Before the Court is Defendant CIT Group/Consumer Finance's Motion to Dismiss (D.E.

# 17) filed on February 4, 2009.  Plaintiff filed a response in opposition on March 18, 2009.  For

the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Cathy Simms filed her Complaint in this matter on October 2, 2008 and

amended her complaint on October 22, 2008, seeking damages and equitable relief for predatory

lending practices and a predatory lending scheme perpetrated by Defendants.  Am. Compl. 1.

Plaintiff has made allegations against Defendants under the Fair Housing Act, the Truth in

Lending Act, the Real Estate Settlement Procedures Act, the Equal Credit Opportunity Act, the

Tennessee Home Loan Protection Act of 2007, the Tennessee Consumer Protection Act, and

Tennessee common law.  *Id*.  Plaintiff alleges that she is mentally disabled and has a monthly household income of $1,350.  *Id*. at ¶ 10.  Plaintiff contacted James Randle with Sun Mortgage about the possibility of buying a home through the Section 8 voucher program.  *Id*. at ¶ 16. According to Plaintiff, Randle persuaded her not to purchase a property through the Section 8 program and began to show Plaintiff other homes on the market.  *Id*. at ¶¶ 16-17.  Plaintiff alleges that she did not realize that if she bought a home outside of the Section 8 program, she would lose the Section 8 voucher assistance she had received for fifteen (15) years.  *Id*. at ¶ 19. Despite expressing her doubts to Randle and another Sun Mortgage official, Plaintiff went forward with the purchase of a home outside of the Section 8 program and closed on the property on February 23, 2007.  *Id*. at ¶¶ 20-22.  On that date, Randle drove Plaintiff to the closing but left her alone with the closing agent who allegedly instructed Plaintiff not to read any of the closing documents before signing them.  *Id*. at ¶¶ 23-25.

The loan was brokered by Defendant Sun Mortgage and closed by Defendant Accurate Title & Escrow, Inc. ("Accurate").  *Id*. at ¶ 27.  The adjustable rate mortgage had a principal balance of $95,000 with an initial interest rate of 10.6%.  *Id*. at ¶ 29.  The interest rate was set to adjust on March 1, 2009, and then every six months thereafter.  *Id*.  Plaintiff's payments were to be interest only for thirty years with a balloon payment of $90,239.87.  *Id*. at ¶ 30.  Plaintiff alleges that Sun fraudulently stated her monthly income in the loan application as $2,950.  *Id*. at ¶ 32.  CIT could have verified or should have known that this was not Plaintiff's income.  *Id*. at ¶ 33.  Plaintiff was unaware of the fraudulent information on her loan application.  *Id*. at ¶ 34. Plaintiff's initial monthly mortgage payments were $843.48, or 60% of her monthly income.  *Id*. at ¶ 35.  The points and fees on the loan totaled more than six percent (6%) of the loan amount.

*Id*. at ¶ 37.  The settlement charges exceeded the good faith estimate of those charges by seventeen percent (17%).  *Id*. at ¶ 41.  The loan also contained a prepayment penalty if the loan was paid back during the first or second year.  *Id*. at ¶ 39.  Plaintiff alleges that Defendants failed to disclose any of these terms, some of which violate Tennessee law, or make other required disclosures.  *Id*. at ¶¶ 44-49.

Plaintiff fell behind in her mortgage payments soon after closing on her new home and filed a Chapter 13 Bankruptcy petition, which was eventually dismissed.  *Id*. at ¶¶ 50-52.  The Amended Complaint does not indicate when Plaintiff filed bankruptcy.  Plaintiff then sought help from Memphis Area Legal Services ("MALS") who made unsuccessful efforts to work out terms with CIT to allow Plaintiff to stay in her home.  *Id*. at ¶ 53.  On September 3, 2008, Plaintiff received notice of proceedings to foreclose on her home.  *Id*. at ¶ 54.  Plaintiff brought this notice to MALS and a diligent search was made to discover when the foreclosure was to take place.  *Id*. at ¶¶ 55-56.

Plaintiff eventually was led to believe that the foreclosure was to take place at 12 P.M. on October 3, 2008, and contacted CIT's Successor Trustee Trust Management Services to seek a postponement.  *Id*. at ¶ 57.  Trust Management Services directed Plaintiff to another firm Foreclosure Management Services.  *Id*.   Jeremiah Jones ("Jones") of Foreclosure Management Services in turn described himself as the "middle man" in the foreclosure and directed Plaintiff to the attorney handling the foreclosure, Michael Bates.  *Id*. at ¶ 58.  Bates informed Plaintiff that he did not have the authority to postpone the foreclosure and advised Plaintiff to go back to Jones at Foreclosure Management Services.  *Id*. at ¶ 60.  Plaintiff through MALS counsel informed Jones that she intended to file suit and asked Jones to postpone the foreclosure.  *Id*. at ¶

3

62. Jones responded that CIT would go forward with the foreclosure as planned even if suit was filed. *Id*. Throughout all of these discussions with different parties, Plaintiff expressed the belief that the foreclosure was to take place at 12 P.M. on October 3, 2008, and no one ever stated otherwise. *Id*. at ¶ 63.

Plaintiff again contacted Jones on October 2, 2008, to inform that she was prepared to file suit and requested that the foreclosure be postponed. *Id*. at ¶ 64. This time Jones responded that he would request permission from CIT to postpone the sale. *Id*. Plaintiff filed suit on October 2 and sought preliminary injunctive relief to stop the foreclosure of her home. *Id*. at ¶ 66. Plaintiff contacted attorney Bates and left him a voicemail at 9:00 A.M. on October 3, 2008, to inform him that she was seeking to enjoin the foreclosure. *Id*. at ¶ 67. Bates returned the call at 11 A.M. and indicated that he would wait until 12 P.M. before proceeding with the foreclosure. *Id*. at ¶ 68. Plaintiff called Bates again at 11:55 A.M. to inform him that she had obtained the injunction and left him a voicemail message to that effect. *Id*. at ¶ 69. Several hours later Bates returned Plaintiff's call and informed that he had been mistaken when they spoke earlier. *Id*. at ¶ 70. Bates had actually carried out the foreclosure of Plaintiff's home at 10 A.M. that day. *Id*. Plaintiff alleges that the foreclosure did in fact take place at 10 A.M. on October 3, 2008, and that Defendants and the various parties with whom she discussed the foreclosure consistently misrepresented the time and date of the foreclosure. *Id*. at ¶ 71.

Plaintiff has included several causes of action in her Amended Complaint. First, Plaintiff contends that by failing to provide her with a proper "Good Faith Estimate" of the amount or range of settlement charges prior to closing (12 U.S.C. § 2604 (c) and 24 C.F.R. § 3500.7), by charging excessive or unearned fees (12 U.S.C. § 2607(b)), and by producing fraudulent

4

settlement statements Defendants have violated the Real Estate Settlement Procedures Act

("RESPA"), 12 U.S.C. § 2601, et seq., and Regulation X which implements RESPA , 24 C.F.R.

§ 3500, et seq.  *Id*. at ¶ 76.  Second, Plaintiff alleges that all Defendants were involved in a

scheme to exploit Plaintiff with fraudulent loan practices due to her race and mental disability in

violation of the Fair Housing Act, 42 U.S.C. § 3601 et.seq.  *Id*. at ¶ 78.  Third, Plaintiff claims

that all Defendants, except Randle, violated the provisions of the Consumer Credit Protection

Act, or Truth-In-Lending Act, 15 U.S.C. 1601, et seq., and Regulation Z which implements the

Truth-In-Lending Act, 12 C.F.R. 226, et seq., by failing to provide information to the borrower,

failing to provide and properly disclose a correct itemization of the amount financed and the total

monthly payments due, and by fraudulently concealing their violations from the Plaintiff.  *Id*. at

¶ 82.  Fourth, Plaintiff contends that Defendants have violated the Tennessee Home Loan

Protection Act, Tenn. Code Ann. §45-20-103 et. seq., by not amortizing through the life of the

loan, including a balloon payment in the loan prohibited by the Act; by failing to provide

appropriate disclosures as required by the Act; by making and conspiring to make loans with no

regard as to the Plaintiff's ability to repay; by financing fees and charges totaling well over three

percent (3%) of the loan amount through the proceeds of the loan; and by initiating foreclosure

without providing notice as required by the Act.  *Id*. at ¶¶ 84-85.  Finally, Plaintiff's Amended

Complaint contains allegations pursuant to the Tennessee Consumer Protection Act and

Tennessee common law including fraud and intentional and negligent misrepresentation.

Defendant CIT has filed the instant Motion to Dismiss several of the causes of actions in

Plaintiff's Amended Complaint.  CIT first argues that Plaintiff's RESPA and Regulation X

claims for failure to provide a good faith estimate should be dismissed because no private right

of action exists as to those federal statutes.  Plaintiff's claim for excessive and unearned fees should be dismissed because it was brought after the one-year statute of limitations had run. Plaintiff closed her loan on February 23, 2007, and filed her original complaint on October 2, 2008, thereby making her claim untimely.  Likewise, Plaintiff's claim pursuant to the Consumer Protection Act and Regulation Z are also now time-barred by the one year statute of limitations set forth in 15 U.S.C. § 1640(e).  CIT contends that the statute of limitations began to run on the date of the closing.  Therefore, the claim is now untimely.  With respect to Plaintiff's claims under the Tennessee Home Loan Protection Act, Defendant argues that Plaintiff's transaction qualifies as a "residential mortgage transaction" and is thus exempt from the Act.  As a result, all of the Plaintiff's claims pursuant to the Act should be dismissed.  CIT next argues that Plaintiff has failed to plead her allegation of fraud with the requisite particularity because the allegation is directed at all Defendants generally and in a conclusory fashion.  CIT further contends that all of Plaintiff's claims under the Tennessee Consumer Protection Act ("TCPA") should be dismissed as time barred.   Additionally, the provisions of the TCPA do not apply to the actions of a lender in conducting foreclosure proceedings.

Plaintiff has filed a response in opposition to CIT's Motion on March 18, 2009.  Plaintiff argues that her TCPA claims are not time-barred because she filed her complaint within one year of discovering Defendants' "unlawful act or practice."  In light of the liberal protections provided in the TCPA and Plaintiff's psychiatric disability, Plaintiff contends that the issue of when she should have reasonably discovered her claim is a question of fact.  As to Defendant's argument that foreclosure proceedings are not covered by TCPA, Plaintiff responds that she has sufficiently pled "unfair or deceptive acts that affect trade or commerce" and that the Tennessee

6

case Defendant cites for support as to this argument is in applicable to a foreclosure proceeding like the one in this case.  Likewise, Plaintiff states that the statute of limitations for her TILA/RESPA claims should be equitably tolled due to Defendants' intentional effort to conceal the disclosures required by law and their ongoing failure to provide the disclosures.

Finally, Plaintiff argues that she has adequately pled her claim for fraud under Tennessee common law.  Plaintiff has alleged that Defendants made numerous intentional misrepresentations and that Defendant CIT, by accepting Sun Mortgage's fraudulent loan application and acting on it, specifically represented to Plaintiff  its belief "that the loan it was providing was the one that Plaintiff had requested and that it was appropriate for her."  Plaintiff has further alleged that CIT knew that its representations were false, particularly CIT's decision to act on Plaintiff's fraudulent loan application.  Should the Court find Plaintiff's allegation deficient, Plaintiff requests the opportunity to amend.  Plaintiff also argues that many of the facts supporting her fraud claims such as the precise date the loan documents were transmitted are in the exclusive possession of Defendants and will only come to light through discovery.  Plaintiff contends that she has also pled reasonable reliance on Defendants' misrepresentations.

 Plaintiff's response brief did not address Defendant's arguments with respect to the availability of her RESPA claims under 12 U.S.C. § 2604(c) and her Tennessee Home Loan Protection Act, Tenn. Code Ann. § 45-20-101 et seq., claim.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[1] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2]  "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3]  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[4]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[5]  The Sixth Circuit has acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[6]  Consequently, the Sixth Circuit has articulated the following as the standard

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[4] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[5] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[6] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly, ...* in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[7]  Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[8]  A plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests."[10]  When a pleading contains inadequate factual allegations, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."[11]

## ANALYSIS

---

[7] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[8] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

[9] *Twombly*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986); on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

[10] *Id*. at 1965, n. 3 (internal quotations omitted).

[11] *Id*. at 1966.

Construing the allegations in the Amended Complaint in the light most favorable to Plaintiff, the Court holds that Plaintiff has failed to state several claims as a matter of law. Therefore, the Motion is granted.

## A.   RESPA

First, the Court finds that Plaintiff has failed to state a RESPA claim for Defendants' failure to provide her with a Good Faith Estimate of the amount or range of settlement charges under 12 U.S.C. § 2604(c).  This Court has ruled on a previous occasion that no private right of action exists for violations of Section 2604(c).[12]  Therefore, Plaintiff's claim under Section 2604(c) must fail as a matter of law.

The Court also concludes that Plaintiff's allegations for excessive or unearned fees pursuant to 12 U.S.C. § 2607 must fail.  Title 12 U.S.C. § 2614 provides that any action pursuant to § 2607 must be brought within one year from the date of the occurrence of the violation.  It is undisputed in this case that Plaintiff closed the transaction on her mortgage on February 23, 2007, and did not file suit until October 2, 2008.   Thus, Plaintiff's complaint was filed outside of the one-year statute of limitations period.

Plaintiff has argued that the Court should equitably toll the statute of limitations in this case due to Defendants' intentional effort to conceal the disclosures.  The Sixth Circuit has recently stated that it had "not yet ruled on the question of whether the RESPA statute of limitations is subject to equitable tolling" and declined to reach the issue at the time.[13]  The Court

---

[12] *Johnson v. Equity Title & Escrow Co. of Memphis, LLC*, 476 F.Supp.2d 873, 883 (W.D. Tenn. 2007) (J. Donald).

[13] *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 424 (6th Cir. 2009).

of Appeals did hold that "if the statute of limitations in RESPA were subject to equitable tolling, the propriety of equitable tolling is determined on a case-by-case basis and is to be narrowly applied."[14]

The Sixth Circuit in *Truitt v. County of Wayne* set forth five factors to determine whether equitable tolling of a statute of limitations is appropriate.[15]  These factors are: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendants; and (5) plaintiff's reasonableness in remaining ignorant of the particular legal requirement.[16]  In the case at bar, Plaintiff has alleged that Defendants fraudulently concealed the disclosures.  Where a plaintiff seeks equitable tolling under the doctrine of fraudulent concealment, the plaintiff must allege and establish that (1) defendants concealed the conduct that constitutes the cause of action; (2) defendants' concealment prevented plaintiff from discovering the cause of action within the limitations period; and (3) until discovery, plaintiff exercised due diligence in trying to find out about the cause of action.[17]

Construing the allegations of the Amended Complaint in the light most favorable to Plaintiff, the Court holds that Plaintiff has failed to allege a set of facts from which it can be inferred that she exercised due diligence in trying to find out about her cause of action under RESPA.  According to the Amended Complaint, Plaintiff never sought any independent advice

---

[14] *Id.*

[15] 148 F.3d 644 (6th 1998).

[16] *Id.* at 648.

[17] *Pinney Dock & Transport Co. v. Penn Cent. Corp.*, 838 F.2d 1445 (6th Cir. 1988).

about the loan terms from a realtor, an attorney, or another mortgage broker.  Plaintiff has

alleged that she was instructed by the closing agent not to read any of the loan documents she

was signing and signed the documents anyway.  Plaintiff eventually had to file for Chapter 13

bankruptcy protection but still never consulted a professional advisor to review the terms of her

mortgage even though she alleges that her inability to make mortgage payments precipitated her

bankruptcy.  It was only after Plaintiff received notice of the foreclosure of her home in

September 2008 that she sought the help of MALS.  Under the circumstances, it cannot be said

that Plaintiff exercised due diligence and would have been prevented by defendants from

discovering her RESPA cause of action had she exercised due diligence.  Therefore, Plaintiff is

not entitled to equitable tolling of RESPA's one-year statute of limitations under the doctrine of

fraudulent concealment.  Accordingly, CIT's Motion as to this claim under Section 2607 is

granted.


**B.**      ***Consumer Protection Act/ Truth in Lending Act***

The Court holds that Plaintiff's Consumer Protection Act, or Truth In Lending Act, and

Regulation Z claims are now time-barred by the one year statute of limitations set forth in 15

U.S.C. § 1640(e).  Section 1640(e) states, "Any action under this section may be brought in any

United States district court, or in any other court of competent jurisdiction, within one year from

the date of the occurrence of the violation."[18]  The Sixth Circuit has noted that the Act does not

define "occurrence" but has interpreted that word in light of the Act's requirement that

---

[18] 15 U.S.C. § 1640(e).

disclosures be made "before credit is extended."[19]  Thus, the Sixth Circuit concluded that "a credit transaction which requires disclosures under the Act (TILA) is completed when the creditor and borrower contract for the extension of credit."[20]  In this case, Plaintiff has alleged that the violation of the Consumer Protection Act occurred when Defendants failed to provide information to the borrower, failed to provide and properly disclose a correct itemization of the amount financed and the total monthly payments due, and fraudulently concealed their violations from the Plaintiff.  All of these acts except arguably Defendants' fraudulent concealment were complete at the closing of Plaintiff's mortgage transaction which took place on February 23, 2007, more than one year prior to the filing of her original complaint on October 2, 2008.  Furthermore, the Court has already considered and rejected Plaintiff's argument for equitable estoppel under the doctrine of fraudulent concealment.  Therefore, Plaintiff's Consumer Protection Act claims are now time-barred.

C.      *Tennessee Home Loan Protection Act*

Plaintiff's claims under the Tennessee Home Loan Protection Act must fail as a matter of law because Plaintiff's mortgage was not a "home loan" for purposes of the Act.  The Act, Tenn. Code Ann. § 45-20-101 et seq., excludes from its definition of a "home loan" any "residential mortgage transaction" as defined in 12 CFR 226.2(a)(24)," a reference to Regulation Z of the

---

[19] *Rudisell v. Fifth Third Bank*, 622 F.2d 243, 246 (6th Cir. 1980); *Wachtel v. West*, 476 F.2d 1062 (6th Cir. 1973); *Bolden v. Aames Funding Corp.*, 2005 WL 948592 (W.D. Tenn. 2005) (J. Breen).

[20] *Id*. (quoting *Wachtel*, 476 F.2d at 1065).

Truth in Lending Act.[21]  That regulation defines a "residential mortgage transaction" as follows:

> Residential mortgage transaction means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained in the consumer's principal dwelling to finance the acquisition or initial construction of that dwelling.[22]

Here Plaintiff alleges that the mortgage was created in her principal dwelling for the acquisition of that dwelling.  The Court finds then that Plaintiff's mortgage is a "residential mortgage transaction" as defined in Regulation Z.  Other federal courts have interpreted the same regulation to cover transactions like the one in the case at bar, a primary mortgage created for the purpose of acquiring a consumer's principal dwelling.[23]  Having found that Plaintiff's mortgage was a "residential mortgage transaction," the mortgage is not a "home loan" as defined in the Tennessee Home Loan Protection Act.  Therefore, Plaintiff has no cause of action pursuant to the Tennessee Home Loan Protection Act with respect to this mortgage.

### D.     Fraud

CIT has moved to dismiss Plaintiff's fraud claims for failure to plead such a claim with the particularity required by Fed. R. Civ. P. 9(b).  CIT has cited specifically paragraphs 87 through 89 of Plaintiff's Amended Complaint.  Those paragraphs read as follows:

> 87.   Defendants intentionally, negligently, and fraudulently misrepresented to Plaintiff Cathy Simms about the nature and terms of the transactions they were entering into....

---

[21] Tenn. Code Ann. § 45-20-102(9)(D)(i).

[22] 12 C.F.R. § 226.2(a)(24).

[23] *Bolden v. Greenpoint  Mortg. Funding, Inc.*, 2004 WL 2297086 (N.D. Tex. 2004); *Scott v. Wells Fargo Home Mortg., Inc.*, 326 F.Supp.2d 709 (E.D. Va. 2003).

88.     Defendants' conduct was willful, malicious, oppressive and constitutes an intentional scheme to defraud the Plaintiff with the intention of depriving her of her home and her legal rights.

89.     Defendants made false representations of existing and past material facts; that such false representations were made knowingly, without belief in their truth, or recklessly; and that the Plaintiff reasonably relied upon them and thereby suffered damage as a result of such reliance.

Defendant CIT is not specifically identified in these allegations, nor is any specific conduct attributed to CIT.

Under Tennessee law, Plaintiff must show the following in order to establish a claim for fraud: (1) the defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied on the misrepresented material fact; and (6) plaintiff suffered damage as a result of the misrepresentation.[24]  Fed. R. Civ. P. 9(b) requires a plaintiff to plead fraud with particularity.  At a minimum plaintiff must allege "the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud."[25]  Furthermore, "failure to plead an essential element of a claim of fraud warrants dismissal of a claim...."[26]  "[A] district court need not accept claims that consist of

---

[24] *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008).

[25]     *Power & Tel. Supply Co.*, 447 F.3d at 931.

[26]     *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984).

no more than mere assertions and unsupported or unsupportable conclusions."[27]

Construing Plaintiff's fraud claim against CIT in light of the foregoing standards, the Court concludes that Plaintiff has failed to state this claim. First, Plaintiff's claim against CIT is not stated with the requisite particularity. Plaintiff has vaguely alleged that all Defendants failed to disclose some of the material terms in the loan package. Plaintiff's allegations in paragraphs 87 to 89 appear to be nothing more than mere recitations of the elements, and as such are not pled with the requisite particularity, i.e., they are mere assertions plus unsupported or unsupportable conclusions.[28]

Second, Plaintiff has not alleged a set of facts from which it could be inferred that CIT intentionally misrepresented or misstated a material fact regarding the loan. Plaintiff alleges that Accurate's closing agent "did not allow Plaintiff to read the loan documents" and failed to explain the loan documents or loan terms to Plaintiff.[29] Plaintiff further alleges that Sun Mortgage misstated her monthly income on the application for her mortgage and that Randle, Sun Mortgage's agent, had promised that he would be with Plaintiff during the closing to explain the process to her but failed to do so.[30] However, Plaintiff has failed to alleged that the acts of Sun Mortgage or Accurate are in any way attributable to CIT.

Plaintiff's only specific allegation of fraud against CIT concerns CIT's accepting her loan application containing inaccurate information about Plaintiff's income and acting on it. By

---

[27] *Hagen v. U-Haul Co. of Tenn.*, No. 08-cv-1197, 2009 WL 211094, *7 (W.D. Tenn. Jan. 28, 2009) (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006)).

[28] *See Hagen*, 2009 WL 211094 at *7 (quoting *Sanderson*, 447 F.3d at 876).

[29] Am. Compl. ¶ 25.

[30] *Id*. at ¶¶ 32, 23-24.

doing so, Plaintiff contends that CIT was effectively misrepresenting to Plaintiff  "that the loan it was providing was the one that Plaintiff had requested and that it was appropriate for her."  The Court finds this alleged misrepresentation vague and lacking in specificity.

Finally, Plaintiff has failed to allege that she reasonably relied on CIT's so-called misrepresentation.  In fact, the Court has already found with respect to Plaintiff's statutory claims that she has failed to allege a set of facts from which it could be inferred that she reasonably relied on the misrepresentation.  Therefore, the Court holds that Plaintiff has failed to state her fraud claims against CIT.

Despite the insufficiency of Plaintiff's allegations of fraud against CIT, Plaintiff has requested the opportunity to amend her complaint.  The Court finds that Plaintiff is entitled to this relief and should have the opportunity to allege with greater particularity some facts from which it could be inferred that Defendant CIT made a misrepresentation on which Plaintiff reasonably relied.  Therefore, Plaintiff is hereby ordered to file a motion to amend together with her proposed second amended complaint within fifteen (15) days of the entry of this Order.

### E.      *Tennessee Consumer Protection Act*

Finally, the Court must dismiss all of Plaintiff's TCPA claims.  Claims under the Act are subject to the one-year statute of limitations provided in Tenn. Code Ann. § 47-18-110: "Any action commenced pursuant to § 47-18-109 shall be brought within one (1) year from a person's discovery of the unlawful act or practice, but in no event shall an action under § 47-18-109 be brought more than five (5) years after the date of the consumer transaction giving rise to the

claim for relief."[31]  Tenn.Code Ann. § 47-18-109 is the provision of the TCPA creating a private cause of action for unfair or deceptive acts or practices. It appears to the Court that this is the provision under which Plaintiff makes her TCPA claims.

The Court finds that Plaintiff's TCPA claims arising from the mortgage transaction itself are now time-barred.  The parties do not dispute that the mortgage transaction is covered by the TCPA.  In fact, this Court permitted such a TCPA claim and considered when the claim accrued in *Bolden v. Aames Funding Corp.*[32]  In the case at bar, the alleged unlawful practice occurred at the closing of Plaintiff's mortgage on February 23, 2007, more than one year prior to the filing of this suit.  While it is true that TCPA one-year statute of limitations is subject to a discovery rule, a plaintiff must allege that she failed to discover the unlawful practice due to the "continued, affirmative, fraudulent concealment of the cause of action."[33]  Mere ignorance or failure to discover the cause of action will not toll the one-year statute of limitations.[34]  Here, Plaintiff contends that Defendant CIT and others fraudulently concealed their TCPA violations from Plaintiff.  As a result, Plaintiff argues that her TCPA claim relating to the closing should be equitably tolled under the doctrine of fraudulent concealment.  However, the Court has already rejected this argument with respect to Plaintiff's RESPA and federal Consumer Protection Act claims.  For the same reasons, Plaintiff's TCPA claims cannot be subject to equitable tolling.

---

[31] Tenn. Code Ann. § 47-18-110

[32] *Bolden,* 2005 WL 948592, *4 (measuring TCPA's statute of repose from date lender disbursed loan where plaintiff brought TCPA claims for failure to make disclosures and failure to consider plaintiff's ability to repay).

[33] *Lindsey v. Allstate Insurance Co.*, 34 F. Supp. 2d 636 (W.D. Tenn. 1999) (J. Donald).

[34] *Id*. (citing *Vance v. Schulder*, 547 S.W.2d 927 (Tenn. 1977)).

18

Therefore, Plaintiff's TCPA claim related to the mortgage closing are dismissed as time-barred.

This leaves Plaintiff's TCPA claim for the manner in which Defendants conducted the foreclosure.  The Court holds that the TCPA does not provide a cause of action for the conduct of a foreclosure.  Unlike Plaintiff's TCPA claim for the mortgage closing, this TCPA claim was timely.  Plaintiff received notice of the foreclosure on September 3, 2008, and all of the conduct which forms the basis of her claim took place after that date.  Therefore, Plaintiff's October 2, 2008 complaint was clearly filed within the one-year statute of limitations.

However, the TCPA provides no such cause of action.  It does not appear that the Tennessee courts have had occasion to consider a TCPA claim arising from foreclosure proceedings.  However, the Tennessee Supreme Court has rejected the application of the TCPA to consumer repossession in *Pursell v. First American Nat. Bank*, a case which both parties have briefed.[35]  Defendant CIT argues that the TCPA as construed in *Pursell* does not provide a cause of action for real property foreclosure proceedings; Plaintiff counters that *Pursell* is distinguishable and that the TCPA does provide a claim for the conduct of foreclosures.

While it is true that the *Pursell* court did not extend its ruling to all banking activities in Tennessee, the Court finds the *Pursell* rule applicable to foreclosure proceedings.  The *Pursell* court was presented with the issue of whether the TCPA created a cause of action for deceptive repossession procedures.  In a detailed analysis of the TCPA, the Tennessee Supreme Court held that repossession was not "trade or commerce" as defined in the Act and so the Act's protections did not cover repossession.  The actions of a bank and its agent in carrying out a repossession, "even if considered to be unfair or deceptive, did not affect the 'advertising, offering for sale,

_____

[35] 937 S.W.2d 838 (Tenn. 1996).

19

lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated.'"[36] The *Pursell* court warned that the TCPA did "not extend to every action of every business in the State."[37]  Relying on *Pursell*, the United States District Court for the Eastern District of Tennessee has held that there was no TCPA cause of action for the allegedly deceptive conduct of foreclosure proceedings.[38]  This Court agrees and concludes that Plaintiff has failed to state a claim under the TCPA for the manner in which Defendants carried out the foreclosure. Therefore, Plaintiff's TCPA claims are dismissed.

## CONCLUSION

Plaintiff has failed to state several of the claims contained in her Amended Complaint. Some are now time-barred.  Others simply fail as a matter of law.  Therefore, Defendant CIT's Motion to Dismiss is **GRANTED** and Plaintiff's claims are partially dismissed consistent with this Order.  Plaintiff shall have fifteen (15) days to amend her complaint to state her fraud claim against CIT with more particularity.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   April 9th, 2009.

---

[36] *Id.* at 841.

[37] *Id.*

[38] *Schmidt v. National City Corp.*, 2008 WL 5248706, * 8 (E.D. Tenn. 2008)

20